## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 26-cv-60770-AHS

J.N.,

       Plaintiff,

   v.

CYPRESS CREEK HOTEL, LLC, and FT.
LAUDERDALE FALCON HOTEL, LLC,

     Defendants.

**DEFENDANT FT. LAUDERDALE FALCON HOTEL, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION DISMISS
PLAINTIFF J.N.'S AMENDED COMPLAINT**

SEYFARTH SHAW LLP
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309
(404) 885-1500

and

SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10022
(212) 218-5500

and

SEYFARTH SHAW LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(213) 270-9600

*Counsel for Defendant Ft. Lauderdale
Falcon Hotel, LLC*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT.................................................................................................... 1

SUMMARY OF ALLEGATIONS PERTAINING TO FALCON HOTEL................................... 2

LEGAL STANDARD ................................................................................................................. 3

ARGUMENT .............................................................................................................................. 4

I.       FALCON HOTEL IS NOT A PROPER PARTY ................................................................. 4

II.      THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO
         ALLEGE ANY FACTS SPECIFIC TO FALCON HOTEL. .............................................. 4

III.     THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THERE IS
         NO TEMPORAL NEXUS TO THE FALCON HOTEL OWNERSHIP PERIOD............. 6

IV.      COUNT I (PERPETRATOR LIABILITY) FAILS TO STATE A CLAIM
         AGAINST THE FALCON HOTEL.................................................................................... 7

         A.       Plaintiff Fails to Plausibly Allege Falcon Hotel "Harbored" J.N. Under
                  § 1591(a)(1) .......................................................................................................... 8

         B.       Plaintiff Fails to Plausibly Allege the Falcon Hotel Benefited from
                  "Participation in a Venture" Under § 1591(a)(2) ................................................ 12

V.       COUNT II (BENEFICIARY LIABILITY) FAILS TO STATE A CLAIM AGAINST
         FALCON HOTEL. ........................................................................................................... 13

         A.       Plaintiff Fails to Adequately Allege Falcon Hotel Knowingly Benefitted
                  from J.N.'s Sex Trafficking................................................................................... 13

         B.       Plaintiff Fails to Adequately Allege "Participation in a Venture"
                  Under § 1595(a) ................................................................................................... 14

         C.       Plaintiff Fails to Adequately Allege Falcon Hotel's Knowledge. ......................... 17

VI.      PLAINTIFF'S ALLEGATIONS OF AGENCY LIABILITY ARE CONCLUSORY AND
         INSUFFICIENT. ............................................................................................................. 18

VII.     THE AMENDED COMPLAINT'S "UPON INFORMATION AND BELIEF"
         ALLEGATIONS ARE INSUFFICIENT. .......................................................................... 19

CONCLUSION......................................................................................................................... 20

**TABLE OF AUTHORITIES**

**Cases**                                                                                                       **Page(s)**

*A.G. v. Northbrook Indus., Inc.*,
    171 F. 4th 1257 (11th Cir. 2026) ................................................................................14, 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................ *passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................3

*Chaparro v. Carnival Corp.*,
    693 F.3d 1333 (11th Cir. 2012) ..................................................................................3

*Doe v. Hotels*,
    Case No. 6:23-cv-1012-JSS-LHP, 2024 WL 2955728 (M.D. Fla. June 12, 2024)..............8, 10

*Doe v. St. John's Episcopal Parish Day School, Inc.*,
    997 F. Supp. 2d 1279 (M.D. Fla. 2014) ...................................................................19

*Doe #1 v. Red Roof Inns, Inc.*,
    21 F. 4th 714 (11th Cir. 2021) .......................................................................... *passim*

*Doe K.R. v. Choice Hotels*,
    No. 6:23-cv-1012-JSS-LHP, 2024 U.S. Dist. LEXIS 104200 (M.D. Fla. June 12, 2024).......16

*Doe (L.M.) v. 42 Hotel Raleigh, LLC*,
    No. 5:23-CV-233, 2024 WL 4204906 (E.D.N.C. Sept. 16, 2024) ...........................9

*Doe No. 1 v. Rajveer LLC*,
    Case No. 2:24-cv-00175-RAH, 2025 WL 907890 (M.D. Ala. Mar. 25, 2025) ..................9, 15

*E.S. v. Best W. Int'l, Inc.*,
    510 F. Supp. 3d 420, 431 (N.D. Tex. 2021) ..............................................................9

*Euro Marine Grp., Ltd. V. Legacy Superyachts*,
    Case No. 0:23-cv-61722-WPD, 2024 WL 3762072 (S.D. Fla. Feb. 26, 2024) .....................5, 7

*Fox v. Loews Corp.*,
    309 F. Supp. 3d 1241 (S.D. Fla. 2018)..............................................................3, 5, 7

*G.G. v. Salesforce.com*,
    76 F. 4th 544 (7th Cir. 2023)......................................................................................10

*H.G. v. Inter-Cont'l Hotels Corp.*,
    489 F. Supp. 3d 697 (E.D. Mich. 2020) .....................................................................9

*K. H. v. Riti*,
    No. 23-11682, 2024 WL 505063 (11th Cir. Feb. 9, 2024)........................................14

*M.A. v. Wyndham Hotels & Resorts, Inc.*,
    425 F. Supp. 3d 959 (S.D. Ohio 2019)........................................................................9

*Mann v. Palmer*,
713 F.3d 1306 (11th Cir. 2013) ...............................................................................20

*Techmet Accel Holdings, LLC v. Amer*,
C.A. No. 4905-VCN, 2010 WL 5564043 (Del. Ch. Dec. 29, 2010) ...........................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*
551 U.S. 308, 322 (2007) .............................................................................................4

*United States v. Todd*,
627 F.3d 329, 334 (9th Cir. 2010) .............................................................................12

*Vargas v. Lincare, Inc.*,
134 F.4th 1150 (11th Cir. 2025) ..................................................................................3

*Vibe Micro, Inc. v. Shabanets*,
878 F.3d 1291 (11th Cir. 2018) .................................................................................16

*Weiland v. Palm Beach Cnty. Sherrif's Office*,
792 F.3d 1313 (11th Cir. 2015) ..............................................................................4, 5

*Weiner v. Wyndham Hotels and Resorts, Inc.*
No. 2:25-cv-120-JES-DNF, 2026 WL 925619 (M.D. Fla. Apr. 6, 2026)....................6

iii

Defendant, FT. LAUDERDALE FALCON HOTEL, LLC ("Falcon Hotel"), by and through undersigned counsel appearing solely for purposes of contesting capacity and sufficiency of the Amended Complaint, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(6), and 17, and states as follows:

## PRELIMINARY STATEMENT

Plaintiff's claims against Falcon Hotel should be dismissed at the outset because Plaintiff has sued an entity that, as a matter of law, no longer exists and lacks the capacity to be hauled into court. Over six years before this action was filed – Falcon Hotel was canceled and ceased to exist as a legal person for purposes of litigation.  The Court need not look further to dismiss the case with prejudice. But there is more. The Amended Complaint fails to allege a single non-conclusory fact connecting the now defunct Falcon Hotel to actionable conduct.  Plaintiff relies on undifferentiated allegations against "Defendants" spanning multiple years and different owners.  While not minimizing the serious nature of sex trafficking, the law requires plausible, factually supported claims against each named defendant.  Plaintiff already amended once, yet still fails to plead any Falcon Hotel-specific facts.  The First Amended Complaint lacks reference to any Falcon Hotel employee, Falcon Hotel act, or Falcon Hotel knowledge.  And nothing ties the alleged trafficking to Falcon's ownership period (pre-2018).  This is not a case of insufficient detail; it is the absence of any factual foundation as to Falcon Hotel.  This Motion may be granted on any of four independent grounds: 1) Falcon Hotel lacks capacity to be sued; 2) the Amended Complaint fails to allege any facts specific to Falcon Hotel; 3) it alleges no sufficient conduct during Falcon Hotel's ownership period; and 4) even if generalized allegations are accepted, they do not satisfy the elements of the Trafficking Victims Protection Reauthorization

Act ("TVPRA"), 18 U.S.C.§§ 1591(a) and 1595(a).  Because further amendment would be futile, dismissal should be with prejudice.

<strong>SUMMARY OF ALLEGATIONS PERTAINING TO FALCON HOTEL</strong>

Plaintiff J.N. alleges she was sex-trafficked by Maphia Newkirk at the Sheraton Suites Fort Lauderdale at Cypress Creek ("Hotel" or "Sheraton") from 2016 through 2021.  (Dkt. No. 17 ¶¶ 2-3).  She alleges that Defendant Falcon Hotel "owned and managed" the Sheraton "from prior to the inception of the trafficking period in 2016 until 2018, when it was sold to Cypress Creek Hotel, LLC."  (*Id.* ¶ 4).[1]  Plaintiff vaguely alleges she was trafficked "almost exclusively" at the Sheraton from 2016 through 2019, and only "sporadically" thereafter. (*Id.* ¶ 21).  Plaintiff does not allege any dates, interactions, or identifiable employees of Falcon Hotel who engaged in any of the conduct claimed.  Instead, Plaintiff lumps both Defendants together, alleging that the indicia of trafficking and the personalized support provided to Newkirk "occurred consistently throughout the entire trafficking period, regardless of changes in ownership, so they apply to all Defendants."  (*Id.* ¶ 47).  Plaintiff claims that she "cannot provide exact dates of every date she was trafficked at this Sheraton" particularly after 2019 "without the benefit of discovery," (*Id.* ¶ 7), but, in fact, she has failed to provide a single specific date on which she was trafficked.

As discussed in detail below, the Amended Complaint asserts two counts against both Defendants: Count I for "Perpetrator Liability" under 18 U.S.C. §§ 1591(a) and 1595(a), and Count II for "Beneficiary Liability" under 18 U.S.C. § 1595(a).  Because the Amended Complaint fails to include sufficient non-conclusory factual allegations specific to Falcon Hotel

---

[1] The Amended Complaint nakedly asserts that Falcon Hotel was the operator and owner without any additional facts supporting the alleged operator status.  It does not plead additional facts because it cannot, as a third party company was in fact the manager during Falcon Hotel's ownership time period.

2

to give rise to a reasonable inference that it has perpetrated or benefitted from Newkirk's trafficking of Plaintiff, both claims should be dismissed.

## LEGAL STANDARD

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 also requires that a complaint gives each defendant fair notice of the claims against it. Group pleading that fails to distinguish between defendants is insufficient. *See Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 . "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court must accept well-pleaded factual allegations as true, it "need not accept as true legal conclusions couched as factual allegations." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). These standards apply with full force to TVPRA claims. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–25 (11th Cir. 2021).

The Amended Complaint, resorting to argument in lieu of facts, invokes the Eleventh Circuit's recent decision in *Vargas v. Lincare, Inc.*, 134 F.4th 1150, 1159 (11th Cir. 2025), for the proposition that courts should not "confuse pleading with proof." (Dkt. No. 17 ¶ 52 n.6) Legal

3

argument should be ignored as pleading should be pure statement. *See Weiland v. Palm Beach Cnty. Sherrif's Office*, 792 F.3d 1313, 1316 (11th Cir. 2015) (quoting Logan Bleckley, "Pleading," 3 Ga. Bar Assoc. Report 40, 41–42 (1886)). And Plaintiff's reliance on *Vargas* does not alter the fundamental *Twombly/Iqbal* framework. There is a critical difference between disputing the sufficiency of evidence and pointing out that no factual allegations have been made. *Vargas* protects well-pleaded allegations from premature factual challenge; it does not excuse a plaintiff from the obligation to plead them in the first instance.

## ARGUMENT

### I.      FALCON HOTEL IS NOT A PROPER PARTY

Falcon Hotel was cancelled as a Delaware limited liability company in 2020.[2] *See* Exhibit A (Certification of Cancellation). Thus, Plaintiff has sued a non-existent legal entity. *See Techmet Accel Holdings, LLC v. Amer*, C.A. No. 4905-VCN, 2010 WL 5564043, at *10 (Del. Ch. Dec. 29, 2010) (holding that, under DLLC Act, filing of certificate of cancellation caused defendant "to no longer exist as a legal entity"). Because Plaintiff has sued a legally defunct entity, nearly six years after its cancellation, without alleging any surviving legal existence, timely claim, or statutory basis to proceed, the Amended Complaint's claims against Falcon Hotel must be dismissed pursuant to Rule 12(b)(6) and Rule 17 of the Federal Rules of Civil Procedure.

### II.     THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO ALLEGE ANY FACTS SPECIFIC TO FALCON HOTEL.

Even so, the Amended Complaint fails to allege a single fact as to who, what, when, or how Falcon Hotel connects to the alleged trafficking. Instead, Plaintiff relies on undifferentiated

---

[2] The Court may take judicial notice of the Certificate of Cancellation as a public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308, 322 (2007).

4

allegations against "Defendants," spanning multiple years and different owners.  This defect alone require dismissal under Rule 8 and Rule 12(b)(6).

The pleading treats Falcon Hotel and Cypress Creek Hotel, LLC as interchangeable entities, despite alleging that they are separate and unrelated legal entities that owned the hotel during different time periods.  The Amended Complaint does not identify any act or omission attributable to Falcon Hotel, a specific employee of Falcon Hotel, a policy of Falcon Hotel, or incident attributable to Falcon Hotel.  This group pleading fails to provide fair notice and does not satisfy Rule 8.  *See Fox*, 309 F. Supp. 3d at 1249; *Euro Marine Grp., Ltd. V. Legacy Superyachts*, Case No. 0:23-cv-61722-WPD, 2024 WL 3762072, at *2 (S.D. Fla. Feb. 26, 2024).

The Amended Complaint is an impermissible shotgun pleading because it repeatedly refers to "Defendants" collectively, fails to distinguish between separate entities, and does not provide each Defendant fair notice of the claims against it.  *See Weiland*, 792 F.3d at 1323.

Assertions that "Defendants" acted as lookouts, warned traffickers, and provided assistance to Newkirk are made generically, without tying any employee or conduct to Falcon Hotel.  (*See, e.g.,* Dkt. No. 17 at ¶ 43).  The Amended Complaint further refers to actions by people identified as "Sheraton employees" or "Sheraton personnel," yet does not allege that those individuals were employed by or acting on behalf of Falcon Hotel.  (*See, e.g., Id.*, ¶ 42(w) ("Some of J.N.'s 'dates' were Sheraton employees."); and ¶ 43 ("J.N. also recalls Sheraton personnel constantly providing personalized support to Newkirk throughout the time she was trafficked there.")).  Sheraton is not a party in this action and the Amended Complaint lacks any factual allegation linking Sheraton employees to the Falcon Hotel. Plaintiff alleges that Falcon Hotel "owned" the property until 2018.  Ownership alone, without allegations of operational control, staffing authority, or day-to-day involvement does not establish TVPRA liability.  *See,*

*e.g., Weiner v. Wyndham Hotels and Resorts, Inc.* No. 2:25-cv-120-JES-DNF, 2026 WL 925619, at*3 (M.D. Fla. Apr. 6, 2026) ("Plaintiff simply has not alleged enough to show that Wyndham participated in a sex trafficking venture beyond accepting revenue from a franchisee that may have actively been participating in sex trafficking and doing nothing about it.")

These deficiencies are not matters of detail; they reflect a complete failure to plead facts connecting Falcon Hotel to the alleged conduct.

### III. THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE THERE IS NO TEMPORAL NEXUS TO THE FALCON HOTEL OWNERSHIP PERIOD.

Plaintiff alleges a five-year trafficking scheme but pleads no facts tying Falcon Hotel to any conduct during its ownership period.  That failure is independently dispositive.  A complaint must allege facts connecting the defendant to the alleged misconduct during the time the defendant could have acted. Otherwise, liability is not plausible.

Here, Plaintiff alleges a trafficking scheme from 2016 to 2021, yet concedes that Falcon Hotel's ownership ended in 2018.  (Dkt. No. 17 ¶ 4).  Plaintiff alleges she was trafficked "almost exclusively" at the Sheraton from 2016 through 2019, and "sporadically" from 2019 through 2021.  (*Id.* ¶ 21).  Allegations spanning later years cannot be retroactively imputed to Falcon. The Amended Compliant does not identify a single trafficking incident, interaction, or observation specific to Falcon Hotel's ownership period.  Without a temporal nexus, no plausible claim exists.

Plaintiff attempts to bridge this gap by asserting that alleged trafficking "indicia" "occurred consistently throughout the entire trafficking period, regardless of changes in ownership, so they apply to all Defendants."  (*Id*. ¶ 47).  But such conclusory allegations cannot substitute for facts. Plaintiff's assertion that alleged trafficking conditions continued is not a

factual allegation but a conclusory attempt to impute liability across distinct legal entities. Such allegations are insufficient under *Twombly* and *Iqbal.*

A plaintiff cannot allege that all defendants engaged in all conduct at all times without specifying who did what and when. "When a complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8." *Fox*, 309 F. Supp. 3d at 1249 (citing *Lane v. Capital Acquisitions & Mgmt., Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [ ] Complaint fails to satisfy the minimum standard of Rule 8.")). *See also Euro Marine Group, Ltd.*, 2024 WL 3762072, at *2 ("Here, Plaintiff's failure to separately allege facts and claims as to each of these Defendants violates Rule 8 and *Twombly/Iqbal*, requiring dismissal of the Amended Complaint without prejudice.") (citations omitted).

Absent facts during Falcon Hotel's ownership, the claims as to Falcon Hotel must be dismissed. This failure is a basis for dismissal, independent of whether the elements of the claims are satisfied (which they are not).

## IV. COUNT I (PERPETRATOR LIABILITY) FAILS TO STATE A CLAIM AGAINST THE FALCON HOTEL.

Count I purports to assert a perpetrator claim against Falcon Hotel pursuant to 18 U.S.C. §§ 1591(a) and 1595(a) of the TVPRA. (Dkt. No. 17 ¶¶ 53-76). Section 1591 imposes liability requiring knowing participation, while § 1595 extends civil liability to beneficiaries under a lower – but still factually grounded – knowledge standard. Plaintiff satisfies neither standard as to Falcon Hotel.

A "perpetrator" under § 1595(a) is one who has violated the underlying criminal statute § 1591(a).  *Doe v. Hotels*, Case No. 6:23-cv-1012-JSS-LHP, 2024 WL 2955728, at *5 (M.D. Fla. June 12, 2024) (quoting *Red Roof Inns, Inc.*, 21 F.4th at 724).

To state such a claim, Plaintiff must plausibly allege that Falcon Hotel knowingly: 1) engaged in one of the statutorily prohibited acts (such as harboring, transporting, recruiting, or soliciting a person), or 2) benefited from participation in a venture that engaged in such acts, while knowing – or acting in reckless disregard of the fact—that force, fraud, or coercion would be used to cause a commercial sex act.  18 U.S.C. § 1591(a); *Red Roof Inns*, 21 F.4th at 724.

The Amended Compliant invokes both perpetrator theories, but plausibly alleges neither. It lacks non-conclusory facts showing that Falcon Hotel engaged in any prohibited conduct, participated in any trafficking venture, possessed the requisite knowledge during the period it owned the property, or benefited from any participation.  Instead, Plaintiff relies on generalized allegations against "Defendants," untethered to Falcon Hotel.  That is insufficient to state a claim for perpetrator liability as a matter of law.

> **A.  Plaintiff Fails to Plausibly Allege Falcon Hotel "Harbored" J.N. Under § 1591(a)(1).**

Plaintiff's "harboring" theory reduces to this: Defendants rented rooms.  Count I alleges, in conclusory fashion, that "Defendants" are perpetrators because they "harbored" J.N. within the meaning of 18 U.S.C. § 1591(a)(1). (Dkt. No. 17 ¶ 66).  The sole factual predicate for that claim is the assertion that "Defendants" rented rooms, coupled with the legal conclusion that providing those rooms constituted harboring. (*Id.* ¶ 67).[3]  That is insufficient.

---

[3] While Count I purports to assert a claim for perpetrator liability under 18 U.S.C. § 1591(a), which addresses "sex trafficking," the Amended Complaint alleges that "Defendants" "rent[ed] hotel rooms to Newkirk for J.N.'s forced labor."  Trafficking for purposes of obtaining a person's forced labor is addressed in 18 U.S.C. § 1589 and involves different elements than a violation of 18 U.S.C. § 1591(a).

"Harboring" under the TVPRA requires more than the routine provision of lodging in the ordinary course of business.  It demands facts showing that the defendant knowingly and purposefully provided shelter to facilitate trafficking – not merely that trafficking may have occurred on the premises.  Courts interpreting the statute have consistently rejected attempts to equate ordinary commercial activity with "harboring" absent allegations of knowing, affirmative conduct directed at furthering the trafficking venture. *See e.g., Doe No. 1 v. Rajveer LLC*, Case No. 2:24-cv-00175-RAH, 2025 WL 907890, at *4 (M.D. Ala. Mar. 25, 2025) (explaining that "harbor" connotes the voluntary provision of refuge to conceal or support wrongdoing); *Doe (L.M.) v. 42 Hotel Raleigh, LLC,* No. 5:23-CV-233, 2024 WL 4204906, at*5 (E.D.N.C. Sept. 16, 2024) (dismissing where allegations reflected, at most, routine hotel services rather than knowing facilitation).

Participation typically entails at minimum an "overt act" in furtherance of the venture. The "venture" in which the defendant participates must actually commit trafficking crimes against the plaintiff.  *See e.g.*, *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 704 (E.D. Mich. 2020).  To plausibly allege a hotel owner participated in a TVPRA venture, a plaintiff must at minimum plausibly allege a continuous business relationship between the trafficker and the hotel such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a *tacit agreement.  See M.A. v. Wyndham Hotels & Resorts, Inc*., 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019); *E.S. v. Best W. Int'l, Inc*., 510 F. Supp. 3d 420, 431 (N.D. Tex. 2021) (granting defendant's motion to dismiss where the complaint did not state "whether [plaintiff] interacted with the same hotel staff during each stay").  The fact that a defendant provides "common products or services," such as the rental of a hotel room, which is then used as an instrumentality by a third-party trafficker, is not enough to suggest that the

9

defendant *participated* in a venture that committed trafficking crimes.  *See G.G. v. Salesforce.com*, 76 F. 4th 544, 562 (7th Cir. 2023).

The other alleged "indicia" of trafficking—cash payments, multiple visitors, requests for linens, and use of "Do Not Disturb" signs—are facially consistent with lawful hotel activity. Under *Iqbal*, allegations that are "merely consistent with" liability do not state a plausible claim. 556 U.S. at 678.  Without factual allegations distinguishing routine hotel operations from trafficking-specific awareness, Plaintiff's claims fail as a matter of law.

The Amended Complaint also fails to allege the requisite *mens rea*.  Perpetrator liability under § 1591 requires actual knowledge (§ 1591(a)(1)) or, at minimum, reckless disregard (§ 1591(a)(2)).  *See Red Roof Inns, Inc.*, 21 F.4th at 724 (a perpetrator is "someone who has violated the criminal statute").  Thus, Plaintiff must allege facts from which the Court can plausibly infer that Falcon Hotel itself had sufficient *knowledge* that it was harboring a trafficking victim.

The Amended Complaint contains no such allegations.  It does not identify any Falcon Hotel employee who knew of the alleged trafficking, any instance in which a Falcon Hotel employee knowingly provided a room for that purpose, or any facts suggesting that Falcon Hotel recklessly disregarded information.  Instead, Plaintiff relies on generalized "indicia" of trafficking, pleaded without reference to who observed them, when they were observed, or whether they occurred during Falcon Hotel's ownership period.  Such allegations do not give rise to a plausible inference of knowledge, much less actual knowledge.

Rather than allege facts specific to Falcon Hotel, Plaintiff resorts to legal arguments, citing *Doe v. Hotels*, 2024 WL 2955728, at *8, for the proposition that providing lodging to a trafficking victim or her traffickers for the purpose of obtaining her labor or services constitutes

10

"harboring" under § 1591(a)(1).  (Dkt. No. 17 ¶ 76). But *Doe v. Hotels* does not save Plaintiff's claim against Falcon Hotel for a simple reason: even under the harboring standard articulated in that case, the defendant must have "knowingly" provided lodging "for the purpose of" facilitating trafficking.  The Amended Complaint fails to allege facts permitting that inference as to Falcon Hotel—only conclusory assertions that "Defendants" continued renting rooms after purportedly "learning" of trafficking. (*Id.* ¶ 69).  The Amended Complaint does not identify a single Falcon Hotel employee who had actual knowledge of J.N.'s trafficking during the 2016-2018 period.  It does not allege a single specific instance in which a Falcon Hotel employee knowingly rented a room to Newkirk with the purpose of facilitating his trafficking of J.N.  The allegation that "Defendants" "continu[ed] to rent rooms to Newkirk (and J.N.) after learning he was trafficking J.N." (*Id.*) is a legal conclusion that need not be accepted as true.  *Iqbal*, 556 U.S. at 678.

Plaintiff also attempts to bridge the *mens rea* gap by alleging that "Defendants" provided "personalized support" to Newkirk, including acting as lookouts, warning him of police, and providing discounts.  But these allegations are made generically against "Defendants" without specifying whether any of this conduct occurred during Falcon Hotel's period of ownership and/or by a Falcon Hotel employee.  Plaintiff's "personalized support" theory fails because it is pleaded entirely against "Defendants" collectively.  The Amended Complaint does not allege that any particular hotel employee provided such generalized "personalized support" on more than one occasion.  Nor does it allege that Falcon Hotel exercised operational control over the individuals who purportedly engaged in such acts.  Ownership alone, without allegations of control over day-to-day operations or personnel, cannot give rise to TVPRA liability.

11

In short, the Amended Complaint attempts to transform routine hotel operations into criminal "harboring" through conclusory assertions and collective pleading.  Because it alleges no facts showing that Falcon Hotel knowingly and purposefully sheltered J.N. to facilitate trafficking, Count I fails as a matter of law.

**B.      Plaintiff Fails to Plausibly Allege the Falcon Hotel Benefited from "Participation in a Venture" Under § 1591(a)(2).**

Count I alternatively alleges perpetrator liability under § 1591(a)(2), which requires that Falcon Hotel "benefit[ed], financially or by receiving anything of value, from participation in a venture" that engaged in sex trafficking, "knowing, or ... in reckless disregard of the fact" that force or coercion would be used. 18 U.S.C. § 1591(a)(2).  The term "venture" under § 1591 means "any group of two or more individuals associated in fact."  18 U.S.C. § 1591(e)(6).  The statute requires more than commercial relationship; it demands an association in fact.  *Red Roof Inns,* 21 F.4th at 724.

As stated *supra,* the Amended Complaint is devoid of allegations sufficient to support "participation" by Falcon Hotel in a venture.  Mere provision of a commercial service – even repeatedly – is not "participation in a venture" absent concerted action or tacit agreement.  The Amended Compliant is bereft of any allegation of a shared purpose, coordination, control, or agreement (express or implicit).  Plaintiff has not alleged any facts showing that Falcon Hotel, as a distinct entity, was associated in fact with Newkirk during the 2016-2018 period.

The allegations also fail to satisfy Section (a)(2)'s *mens rea* requirement.  Section 1591(a)(2) requires at least "reckless disregard" -- a standard higher than mere negligence or constructive knowledge.  *See United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010).  The Amended Complaint relies on generalized "indicia" of trafficking -- cash payments, lack of identification, visible bruising, streams of male visitors – without alleging who observed these

condition, when they occurred, or whether they arose during Falcon Hotel's ownership period. These undifferentiated allegations do not plausibly establish that Falcon Hotel acted with reckless disregard.

## V.   COUNT II (BENEFICIARY LIABILITY) FAILS TO STATE A CLAIM AGAINST FALCON HOTEL.

Count II asserts a beneficiary claim under 18 U.S.C. § 1595(a).  Plaintiff must plausibly allege that Falcon Hotel: 1) knowingly benefited; 2) from participation in a venture; and 2) knew or should have known that the venture engaged in sex trafficking.[4] *Red Roof Inns, Inc.*, 21 F. 4th at 719.  The Amended Complaint fails on each element as to Falcon Hotel.

### A.   Plaintiff Fails to Adequately Allege Falcon Hotel Knowingly Benefitted from J.N.'s Sex Trafficking

Plaintiff does not plausibly allege that Falcon Hotel – distinct from a generic "Sheraton" or "Defendants" -- received any benefit from the alleged trafficking.  The Amended Complaint asserts in conclusory fashion that "Defendants" received room revenue.  (Dkt. No. 17 ¶ 89). Even assuming room revenue constitutes a "benefit," Plaintiff must allege that Falcon Hotel, not "Sheraton" or some other entity received it.  The Amended Compliant does not allege that Falcon Hotel owned, operated, or controlled the revenue stream attributable to Newkirk's stays.  That omission is dispositive.  Allegations that a hotel property generated revenue are insufficient without facts tying that benefit to the defendant itself.  Here, Plaintiff pleads no Falcon Htoel-specific financial benefit.  This does not satisfy § 1595.

While the Amended Complaint includes numerous paragraphs containing citations from unrelated decisions in which a court has found a hotel defendant knowingly benefitted from sex

---

[4] Falcon Hotel does not concede that the Amended Complaint satisfies the third element (that the venture violated the TVPRA), but because the Amended Complaint's failures with respect to the other elements are dispositive, it is not necessary to raise those arguments here.

trafficking (Dkt. No. 17 ¶¶ 85-88), it fails to allege any non-conclusory fact that gives rise to a reasonable inference that Falcon Hotel, specifically, did so.  The Amended Complaint self-referentially alleges that "[i]t has been set forth above in detail … that Defendants knowingly received rental revenue from Newkirk and knew or should have known that J.N. was being sex trafficked."  (*Id.* ¶ 89).  That is wrong.  Nothing in the Amended Complaint alleges that any financial benefit directly related to Newkirk's room rentals at the Sheraton flowed to Falcon Hotel, the owner of the property for a short period.  At best the Plaintiff offers more legal conclusions and fails to mention Falcon Hotel. *See*, *e.g.*, *Id.* ¶ 44(b) ("this *Sheraton* accepted his money even though knew J.N. was being trafficked by Newkirk") (emphasis added)).

**B.      Plaintiff Fails to Adequately Allege "Participation in a Venture" Under §
        1595(a).**

The Amended Complaint fails to allege facts showing that any conduct attributable to Falcon Hotel caused or facilitated Plaintiff's trafficking.

To establish the second element of a TVPRA beneficiary claim, a plaintiff must plead facts showing that the defendant knowingly benefitted from "participation in a venture" or "taking part in a common undertaking or enterprise involving risk and potential profit." *See, e.g., Red Roof Inns, Inc.*, 21 F.4th at 724-25; *K. H. v. Riti*, No. 23-11682, 2024 WL 505063, at *2 (11th Cir. Feb. 9, 2024).  Merely renting a hotel room to a trafficker with actual or constructive knowledge of his trafficking does not constitute "participation in a venture" as defined by *Red Roof*.  *A.G. v. Northbrook Indus., Inc.*, 171 F. 4th 1257, 1269 (11th Cir. 2026). "To share legal risks and profits with a perpetrator under the TVPRA, 'something more than engaging in an ordinary buyer-seller transaction is required.'" *Id.* (quoting *Doe 1 v. Apple, Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024))  Moreover, "to participate in [a] venture, one must take action, because

14

'observing something is not the same as participating in it.'" *See Rajveer*, 2025 WL 907890, at *6 (quoting *Red Roof Inns, Inc.*, 21 F.4th at 727).

In *Northbrook*, the Eleventh Circuit, in vacating a grant of summary judgment in favor of defendant, recognized that the "'something more' may include offering 'personalized support' to a sex trafficker," 171 F.4th at 1269 (citing *G.G. v. Salesforce.com*, 76 F.4th 544, 563 (7th Cir. 2023). The *Northbrook* court, however, did not define the meaning of the term "personalized support" with any specificity. In any event, the *Northbrook* court did hold that "[a] hotel's general friendliness toward and awareness of sex trafficking, while deplorable, is not enough to establish 'participation in a venture' under § 1595(a)." *Id.* at 1271.

The *Northbrook* court did not eliminate the foundational requirement that the elements of a claim be pleaded with factual specificity as to each defendant. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." (emphasis added)). The critical phrase is "the defendant" -- not "Defendants" collectively. Even after *Northbrook*, Plaintiff must allege facts showing that Falcon Hotel specifically -- through its own employees, during its own period of ownership -- knowingly benefited from participation in a venture that violated the TVPRA. Plaintiff has not done so. Ownership does not equal operational control. The Amended Complaint does not allege Falcon Hotel managed staff, set policies, or controlled day-to-day operations. It does not because it cannot.

Plaintiff's allegations of "personalized support" are entirely generic. She alleges that "Defendants," at unspecified times, acted as lookouts, warned Newkirk of police, provided discounts, relocated J.N., and accepted tips from Newkirk. (*E.g.,* Dkt. No. 17 ¶¶ 43(a), (d), (e), (g), (l)). Even if true, the alleged conduct did not cause participation in trafficking. At most the

15

allegations amount to passive failure to detect trafficking.  The Amended Compliant contains no facts showing trafficking depended on Falcon Hotel's conduct or that Falcon Hotel's conduct increased risk or facilitated exploitation.  Even so,  Plaintiff does not allege that any of these acts were performed by Falcon Hotel employees during Falcon Hotel's period of ownership.  This is not a trivial distinction.  Falcon Hotel and Cypress Creek Hotel are separate and unrelated legal entities.  The Amended Complaint's attempt to treat both Defendants as a single, undifferentiated entity is legally impermissible.  *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (courts must respect the separate legal identities of distinct entities).  Moreover, the Amended Complaint's assertion that the alleged personalized support "occurred consistently throughout the entire trafficking period, regardless of changes in ownership," (Dkt. No. 17 ¶ 47), is a conclusory allegation that the Court need not accept.  *See Iqbal*, 556 U.S. at 678.  Plaintiff provides no factual basis for this sweeping assertion.

Plaintiff cites *Doe K.R. v. Choice Hotels*, No. 6:23-cv-1012-JSS-LHP, 2024 U.S. Dist. LEXIS 104200, at *25 (M.D. Fla. June 12, 2024), for the proposition that a "continuous business relationship" between a hotel and a sex trafficker can satisfy the venture element. But the "continuous business relationship" theory requires, at minimum, that the plaintiff allege facts showing that the specific defendant maintained an ongoing relationship with the trafficker. Plaintiff has not alleged any facts establishing that Falcon Hotel had a continuous business relationship with Newkirk during the 2016-2018 period.  The fact that Newkirk may have been a guest at the Sheraton multiple times over a multi-year period does not establish that Falcon Hotel maintained a "continuous business relationship" with him, particularly when Plaintiff alleges no specific dates, no specific room reservations, and no specific interactions between Newkirk and Falcon Hotel personnel.

### C.   Plaintiff Fails to Adequately Allege Falcon Hotel's Knowledge.

The final element of a TVPRA beneficiary claim is knowledge. Even under the lower "knew or should have known" standard of § 1595(a), Plaintiff must allege facts from which the Court can plausibly infer that Falcon Hotel had at least constructive knowledge that trafficking was occurring at the Sheraton during its period of ownership. *Red Roof Inns, Inc.*, 21 F.4th at 725.

Plaintiff's knowledge allegations are entirely conclusory as to Falcon Hotel. She alleges that "Defendants" were "[upon information and belief] trained to identify the open and obvious signs" of trafficking, (Dkt. No. 17 ¶ 38), that a host of indicia of trafficking "were observable to Defendants," (*id*. ¶ 40), and that "Defendants" had "actual and constructive knowledge" of J.N.'s trafficking, (*id*. ¶ 44(a)).  But she does not allege any facts specific to Falcon Hotel's knowledge. The Amended Complaint does not identify any Falcon Hotel employee who observed any specific indicium of trafficking. It does not allege that any one person – regardless of employer – had observed more than a single indicium of J.N.'s trafficking.  Nor does it allege that Falcon Hotel had any specific training program, or that any specific Falcon Hotel employee failed to follow any specific protocol.  In fact, Plaintiff alleges, upon information and belief, that "Defendants .. had policies to report sex trafficking," (*id.* ¶ 38), but that "Defendants [also] purposely crafted a policy that created a safe space for trafficking at this Sheraton."  (*Id*. ¶ 42). That is not enough.

The Amended Complaint's list of trafficking "indicators" -- including cash payments, Do Not Disturb signs, excessive towel and linen requests, visible bruising, and streams of male visitors -- are alleged generically without any indication of which indicators were observed by which employees of which entity during which time period.  Cash payments, Do Not Disturb signs, and requests for towels are routine features of hotel operations.  Without factual

17

allegations tying specific observations to specific Falcon Hotel employees during Falcon Hotel's ownership period, these generic indicators do not give rise to a plausible inference of knowledge.

## VI. PLAINTIFF'S ALLEGATIONS OF AGENCY LIABILITY ARE CONCLUSORY AND INSUFFICIENT.

Rather than allege facts, the Amended Complaint devotes significant attention to the doctrine of agency liability, citing an array of authorities for the proposition that a hotel entity can be held liable for the acts of its employees under the TVPRA. (*See* Dkt. No. 17 ¶ 49 n.5 (citing cases to support legal argument); *Id.* ¶ 50 (same); *Id.* ¶ 52 n.6 (same)).

While a corporation can be held liable for the acts of its employees under principles of *respondeat superior* and agency, agency liability is not a magic wand that transforms an otherwise deficient complaint into a plausible one. Agency liability requires an identifiable agent of a specific principal, who acted within the scope of employment.  The Amended Complaint satisfies none of these requirements as to Falcon Hotel:

Plaintiff alleges that all acts described in the Amended Complaint were performed by employees acting "within the course and scope of their employment" and "for the benefit of the hotel." (*Id.* ¶ 49).  She further alleges – in an example that brings the fundamental flaws of the Amended Complaint into sharp focus – that "[t]he actions and knowledge of the Defendants, taken within the course of their employment for Defendants' benefit, are imputed to the Defendants." (*Id.* ¶ 50). Both of these allegations are broad, unsupported legal conclusions, not well-pleaded facts.

*First*, Plaintiff does not identify a single Falcon Hotel employee by name, title, position, or physical description. She refers only to generic "front desk agents," "management," and "staff" without specifying whether these individuals were employed by Falcon Hotel, Cypress Creek Hotel, or some other entity. Courts cannot impute an agent's knowledge and conduct to a

principal when the plaintiff has not identified the agent or established that the agent was employed by the particular principal being sued.

*Second*, even if Plaintiff could identify Falcon Hotel employees, many of the acts she attributes to "Defendants' employees" or "Sheraton employees" -- such as acting as lookouts for law enforcement, warning Newkirk of police presence, and accepting tips from a known sex trafficker -- are outside the scope of any hotel employee's employment. These are potentially criminal acts that no reasonable employer would authorize and that serve no legitimate business purpose. Criminal or self-serving acts are typically outside the scope of employment as a matter of law.  *See Doe v. St. John's Episcopal Parish Day School, Inc.*, 997 F. Supp. 2d 1279, 1287-88 (M.D. Fla. 2014).  So even if unidentified employees engaged in the alleged acts, such conduct falls outside the scope of employment and cannot be imputed to Falcon Hotel.  In any event, Plaintiff cannot establish agency liability through conclusory assertions. She must allege facts showing that specific, identifiable employees of Falcon Hotel engaged in specific conduct within the scope of their employment.  *See St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d at1287 (analyzing scope-of-employment question based on specific factual allegations).  Without agency, there is no avenue for liability for Falcon Hotel and the Amended Compliant should be dismissed.

## VII.   THE AMENDED COMPLAINT'S "UPON INFORMATION AND BELIEF" ALLEGATIONS ARE INSUFFICIENT.

Throughout the Amended Complaint, Plaintiff relies heavily on allegations made "upon information and belief," alleging that Newkirk used Defendants' Wi-Fi to post sex advertisements; that it was against hotel policy for certain employees to accept tips; that backing into parking spaces was against hotel policy; that there were no anti-trafficking signs displayed; and that surveillance cameras captured the trafficking activity.

19

While "information and belief" pleading is permitted in some circumstances, it "must be accompanied by a statement of facts upon which the belief is founded." *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013). Plaintiff provides no factual basis for any of these "information and belief" allegations. They are pure speculation, and the Court should disregard them. *See Iqbal*, 556 U.S. at 681 (courts are "not bound to accept as true a legal conclusion couched as a factual allegation").

This deficiency is particularly significant as to Falcon Hotel. If Plaintiff cannot allege on personal knowledge -- rather than information and belief -- that Falcon Hotel maintained surveillance cameras, used specific Wi-Fi networks, or adopted specific policies during the 2016-2018 ownership period, it is because she has no basis for those allegations as to Falcon Hotel. The "information and belief" label does not supply the missing factual foundation.

**CONCLUSION**

This is not a case of insufficient detail – it is a case of absence of any factual basis tying Falcon Hotel to the alleged conduct. No amendment can change the fact that Falcon Hotel's ownership ended in 2018. No amendment can change that Falcon Hotel was canceled in 2020. Where a plaintiff has had an opportunity to amend and fails to cure fundamental pleading defects, dismissal with prejudice is appropriate. *See, e.g.*, *Vibe Micro, Inc.* 878 F.3d at 1296. Plaintiff has already amended once. Further amendment would be futile. Allowing this case to proceed against Falcon Hotel based on undifferentiated allegations would defeat the purpose of federal pleading standards and impose unwarranted discovery burdens without a plausible basis for liability.

Falcon Hotel respectfully requests that this Court dismiss the Amended Complaint with prejudice as to Ft. Lauderdale Falcon Hotel, LLC.

20

Dated: May 29, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

  /s/ Alex Drummond
Alex Drummond (Florida Bar No. 38307)
1075 Peachtree Street, NE, Suite 2500
Atlanta, Georgia 30309
(404) 885-1500
adrummond@seyfarth.com

and

Marc L. Mukasey (*pro hac vice* pending)
Torrey K. Young (*pro hac vice* pending*)*
620 Eighth Avenue
New York, New York 10022
(212) 218-5500
mmukasey@seyfarth.com
tkyoung@seyfarth.com

and

Mhare O. Mouradian (*pro hac vice* pending)
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
(213) 270-9600
mmouradian@seyfarth.com

*Counsel for Defendant Ft. Lauderdale
Falcon Hotel, LLC*

21

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of May, 2026, a true and correct copy of the

foregoing was served via CM/ECF on all counsel of record.


   /s/ Alex Drummond
Alex Drummond
Florida Bar No. 38307

22