UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60770-CIV-SINGHAL

J.N.,

    Plaintiff,

v.

CYPRESS CREEK HOTEL, LLC, a Florida
limited liability company, and FT.
LAUDERDALE FALCON HOTEL, LLC, a
Delaware limited liability company,

    Defendants.

_____/

**ORDER SETTING TRIAL, GENERAL INSTRUCTIONS,
AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE**

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **July 26, 2027 at 9:00 a.m.** Calendar call will be held via ZOOM at **2:00 p.m. on Wednesday, July 21, 2027.** A ZOOM link will be sent in a subsequent order. No pre-trial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 110 at the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301**.

**Referral to Magistrate Judge.** Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, it is **ORDERED** that the above-captioned cause is referred to United States Magistrate Jared M. Strauss for discovery matters and requests that relate to those matters. It is further **ORDERED** that this cause is referred to Magistrate Judge

Strauss to hold a scheduling conference, set pre-trial deadlines and refer the case to mediation. This Order does not refer any motion which requests a continuance or extension of the trial or the pretrial scheduling dates.

**The parties may consent to trial and final disposition by the Magistrate Judge. The deadline for submitting consent is 90 days before the calendar call.**

**Discovery.** The parties shall strictly comply with the Magistrate Judge's Discovery Procedures Order. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be made only with the Court's approval. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of depositions with the Court. The parties must make every effort to resolve discovery disputes without requiring Court intervention.

**TRIAL READINESS:** To be "ready for trial" means that the parties have timely complied with all deadlines in this Order and any subsequent deadlines issued by the Court. Counsel MAY NOT announce ready at calendar call unless (1) exhibit and witness lists have been filed; (2) exhibits have been reviewed with opposing counsel and evidentiary objections have been raised with the Court; and (3) deposition designations and objections have been filed.

***Daubert* Motions.** Each side is limited to filing one *Daubert* motion per expert, limited to 10 pages. The response shall be limited to 10 pages and no reply will be filed unless ordered by the Court. If all evidentiary issues cannot be addressed in a 10-page

2

memorandum, the parties may seek leave to exceed the page limit. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**Summary Judgment Motions.** The parties are reminded that strict compliance with Local Rule 56.1 is mandated. If a party fails to comply with any of the requirements of the Local Rules, the Court may strike the deficient filing and require immediate compliance, grant an opposing party relief, or enter any other sanction the Court deems appropriate.

A motion for summary judgment and a response thereto must be accompanied by a separate statement of material facts. Each statement must be supported by *specific* references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court. In the event a responding party fails to controvert a movant's supported material facts in an opposing statement of material facts, the movant's material facts will be deemed admitted. *See* S.D. Fla. L.R. 56.1(b). In the interest of judicial economy, in the interest of proper and careful consideration of each party's statement of material facts, and in the interest of determining matters on summary judgment on the merits, the Court orders the parties to file statements of material facts and responses as follows:

1. The statement of material facts shall be separately filed.

2. Each material fact in the statement that requires evidentiary support shall be set forth in an individually numbered paragraph and supported by a specific citation. This specific citation shall reference pages (and paragraph or line numbers, if applicable) of the cited exhibit(s). When a material fact requires evidentiary support, **a general citation to an exhibit, without a**

**page number or pincite, is not permitted**. A statement of fact that is non-compliant with this rule will be stricken or disregarded.

3. **Each exhibit referenced in the motion for summary judgment and/or in the statement of material facts, or response, must be filed on the docket with a descriptive name (i.e., Exhibit 1: Affidavit of Boo Radley).**  Exhibits which have already been filed on the docket *need not be refiled*.  If a deposition transcript is referenced, **a complete copy must be filed**.  Within twenty-four (24) hours of filing a motion for summary judgment, the movant shall separately file an index of the cited exhibits which names each exhibit and references the docket entry at which that exhibit may be found.

**Motions in Limine.**  Each party is limited to filing one motion in limine.  If all evidentiary issues cannot be addressed in a 20-page memorandum, the parties may seek leave to exceed the page limit.  No reply will be filed unless ordered by the Court.  The parties are reminded that motions in limine must contain the Local Rule 7.1(a)(3) certification.

**Jury Instructions and Verdict Form (if applicable).**  The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction.  Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to

counsel contained therein.  Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the Court prior to calendar call, in Word format, via e-mail to singhal@flsd.uscourts.gov.

**Witness and Exhibit Lists.**  All exhibits shall be pre-marked and reviewed by opposing counsel prior to the calendar call.  Plaintiff's exhibits will be marked numerically with a letter "P" as a prefix; Defendant's exhibits must be marked with a letter "D" as a prefix. The parties must submit a list setting out all exhibits prior to the calendar call.  This list must indicate the pre-marked identification label (*e.g.,* P-1 or D-1) and include a brief description of each exhibit.  Prior to filing the Pre-Trial Stipulation, the parties shall meet and confer to resolve as many issues as possible regarding the other's exhibits.

**Demonstrative Exhibits.**  If the parties desire to use demonstrative exhibits during trial (including photos, diagrams, charts, etc.), each such item must be disclosed to the opposing party.  No demonstrative exhibit may be displayed absent prior written agreement between parties or, absent such agreement, prior approval by the Court.

**Technology Issues.**  The courtroom is equipped with computer cables, screens, and an Elmo.  Parties desiring to utilize laptop computers or other electronic equipment in the courtroom shall file a motion and submit a proposed order granting such use **at least one week prior to calendar call** and should describe with specificity the equipment; (2) the make of the equipment; and (3) the identity of the person who will bring the proposed equipment. Counsel shall contact the courtroom deputy **at least one week prior to calendar call** to discuss any special equipment that may require special arrangements or to view the courtroom technology.

5

**Civility and Professionalism.**  Members of the bar and the Court are proud of the long tradition of courteous practice in the Southern District of Florida.  Indeed, it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility.  For example, and without limiting the foregoing, it remains the Court's expectation that counsel will seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreement to the fullest extent permitted by the bounds of zealous representation and ethical practice.

To that end, the Court advises the parties that strict compliance with the requirements of Local Rule 7.1(a)(3) is expected.  In addition, if a motion for extension of time is opposed, this Court requires that the certificate of conferral state briefly the reason(s) for opposing counsel's objection to the requested extension.

Parties are further advised that the failure to comply with any of the procedures contained in this Order or the Local Rules may result in the imposition of appropriate sanctions, including, but not limited to, the dismissal of this action or entry of default.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of May 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF